IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SELENE TREVINO, LORENA DELEON, §
SANDY GONZALEZ, ELIDA GOMEZ,
DIANA GARCIA, BRENDA REYES
And MAURICIO CALDERON, Individually
And on Behalf of All Similarly Situated
Persons,
  Plaintiffs,

V.            §  CIVIL ACTION NO. 4:18-cv-2117

TAQUERIA ARANDAS NO. 38, INC.
And JOSE ABRAM ROMERO,
  Defendants.       §  JURY DEMANDED

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiffs Selene Trevino, Lorena Deleon, Sandy Gonzalez, Elida Gomez, Diana Garcia, Brenda Reyes, Mauricio Calderon, and all other similarly situated employees ("Members of the Class") employed by or formerly employed by Defendants, their subsidiaries and affiliated companies.

### Parties

1. Plaintiffs Selene Trevino ("Trevino"), Lorena Deleon ("Deleon"), Sandy Gonzalez ("Gonzalez"), Elida Gomez ("Gomez"), Diana Garcia ("Garcia"), Brenda Reyes ("Reyes"), and Mauricio Calderon ("Calderon") are former and current employees of Defendants, were personally engaged in interstate commerce during their employment with the Defendants, and are represented by the undersigned.

2. Defendant Taqueria Arandas No. 38, Inc. ("Arandas") is a Texas corporation and an "employer" as defined by the FLSA. With respect to Plaintiffs, Arandas is subject to the provisions of the FLSA. Arandas was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Arandas may be served through its registered agent, Jose Abram Romero at 6158 Spencer Hwy, Pasadena, TX 77505, or wherever he may be found.

3. Defendant Jose Abram Romero ("Romero") is, upon information and belief, the sole owner of Arandas, and runs the business on a day-to-day basis. Romero makes all decisions regarding the payment of employees and controls the circumstances of their employment: Romero is an "employer" of Plaintiffs as that term is defined under the FLSA. Romero may be served with process at 6158 Spencer Hwy, Pasadena, TX 77505, or wherever he may be found.

## Jurisdiction and Venue

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiffs transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district.

## Factual Allegations

6. During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate

2

highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7. During each of the three years prior to this complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce.

8. At all times pertinent to this Complaint, Plaintiffs were individually engaged in commerce and their work was essential to Defendants' business(es).

9. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

10. During each of the three years prior to this complaint being filed, Defendants' employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were made or manufactured outside the state of Texas.

11. The majority of the Plaintiffs were employed as tipped waitresses.

12. Many of the Plaintiffs are current employees of Defendants. Plaintiffs Selene Trevino has worked for Defendants as a waitress from 2011 until the present time. Plaintiff Lorena Deleon has worked for Defendants as a waitress from April of 2015 until February of 2016 then again from September of 2016 until the present time. Plaintiffs Elida Gomez and Sandy Gonzalez are also current employees who have been working for Defendants as waitresses since 2015.

13. Plaintiff Diana Garcia worked for Defendants as a waitress from June of 2016 until April of 2018. Plaintiff Brenda Reyes worked for Defendants as a waitress from May of 2017 until May of 2018.

14. The waitresses' duties regularly included waiting tables; working the cash register; cleaning the kitchen, restrooms, floors, and windows; washing dishes; and helping in the kitchen.

15. Throughout their employment with Defendants, Plaintiffs regularly worked well over 40 hours per week.

16. The waitresses were paid a base hourly rate ranging from $2.50 to $3.75 per hour, and they additionally received tips from customers.

17. The waitresses were paid less that the required overtime rate for tipped employees, because for some of the hours that they worked, they were paid nothing at all in base pay.

18. The waitresses were required to and did spend significant amounts of time on the job doing non-tipped work, such as cleaning floors and windows, washing dishes, and cleaning the kitchens and restrooms with strong acid that burned their skin and eyes. If the waitresses did not do this other work, during which they had no chance of getting tips, they were told that they would be punished by getting fewer assigned tables when they did come back to wait tables, if they were not threatened outright with termination.

19. Defendants' tip pool was invalid under the FLSA and its implementing regulations, because it was not properly explained to employees, tips were shared with non-tipped employees and because Defendants did not keep accurate records of hours and tips.

20. Plaintiffs were required to share tips they received from customers with other employees who were not tipped employees, such as busboys and management.

21. Defendants did not keep accurate records of hours Plaintiffs worked and the wages they were paid. Plaintiffs were regularly told to work before they clocked in and after they clocked out for the day. Tip money regularly went missing after pooling. These and other

consequences of Defendants' failure to maintain accurate records in accordance with the FLSA were a recurring feature of Plaintiffs' employment with Defendants.

22.     Waitresses are and were paid on an hourly basis and are and are not paid the correct overtime premium for hours worked over 40 hours per workweek, namely, one and one-half times their regular rate of pay for all the hours they worked over 40 each workweek.

23.     Plaintiff Mauricio Calderon worked for Defendants as a cook from 2015 until April of 2017.  Calderon's duties included, but were not limited to, cooking food orders and cleaning the kitchen and floor.  Calderon generally worked 60 or more hours per week.  He was paid on an hourly basis but he was paid overtime only for the first 10 hours he worked in excess of 40; for the hours he worked over 50, he was paid in cash at his regular rate of pay.  Calderon was not paid one and-one-half times his regular rate of pay for all of the hours over 40 that he worked each week of his employment with Defendants.

24.     All Plaintiffs were not paid for all of the hours that they worked; instead, they were often paid only for the hours covered by their scheduled shift, and were not paid for time worked if they began working before their shift or when they were required to work after their shift, which occurred regularly.

25.     At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiffs' regular and overtime work.

26.     Defendants are jointly and severally liable to the Plaintiffs and the Members of the Class, as defined below, for the damages sought herein, as the Defendants are a joint enterprise as defined in terms of the FLSA.

### Plaintiffs' Individual Allegations

27.     Plaintiffs are entitled to be paid for all hours worked and to be paid the proper overtime premium for all work performed during the hours worked over 40 hours in each

workweek. Due to defendants' tip pooling violations and record keeping and other violations in relation to the tip credit taken by Defendants, Waitresses are also entitled to be paid the tip credit taken by Defendants, which would be $7.25 minus what Waitresses were actually paid by Defendants for the hours for which they were actually paid.

28.  Defendants failed to pay the Plaintiffs the required overtime premium in all workweeks that the Plaintiffs were employed by Defendants, and worked overtime.

29.  No exemption excuses the Defendants from paying Plaintiffs for all time spent and work performed during the hours they worked, and the Defendants have not made a good faith effort to comply with the FLSA.

30.  The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding regular and overtime compensation with respect to Plaintiffs. No exemption or other excuse justifies Defendants' actions. Defendants' practice was and is a clear violation of the FLSA, done in willful and in blatant disregard for Plaintiffs' federally protected rights.

## Collective Action Allegations

31.  Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiffs. Thus, Plaintiffs are aware that the illegal practices or policies of the Defendants have been imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiffs are aware that Defendants make a regular practice of not paying for all time worked, not paying the proper and required minimum wages and the overtime premium for hours worked over 40 in a workweek, but instead pay all other employees similarly to Plaintiffs.

32.  The Members of the Class performed work that is similar in nature to that

performed by Plaintiffs; these individuals include servers, dishwashers, and busboys who worked alongside the Plaintiffs performing the same type of work that the Plaintiffs performed. Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiffs in terms of their job duties.

33. Further, each Member of the Class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

34. The Defendants' failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiffs' experience is typical of the experiences of the Members of the Class.

35. No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

36. Thus the class of similarly situated individuals is properly defined as:

> **All persons employed as hourly employees by Defendants Taqueria Arandas No. 38, Inc. and Jose Abram Romero at any time during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Minimum and Overtime Wages Owed

7

37. Defendants violated the FLSA by failing to properly compensate Plaintiffs and Members of the Class for work performed in the employ of the Defendants.

38. Plaintiffs and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

39. Defendants are liable to Plaintiffs and all Members of the Class for unpaid minimum wages, overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Demand for Jury

40. Plaintiffs demand a trial by jury on all issues so triable.

## Prayer for Relief

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by Taqueria Arandas No. 38, Inc. and Jose Abram Romero as hourly employees during the three-year period immediately preceding the filing of this Complaint.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;

2. Judgment against Defendants for an amount equal to Plaintiffs' and the Members of the Class's unpaid minimum and overtime wages at the applicable rate;

3. An equal amount to the unpaid wage damages as liquidated damages;

4. Judgment against Defendants that their violations of the FLSA were willful;

5. To the extent that liquidated damages are not awarded, prejudgment interest;

6. All costs and attorney's fees incurred prosecuting these claims;

7. Leave to add plaintiffs by motion or filing of appropriate written consent forms;

8. Leave to amend to add claims under applicable law; and

9. Such further relief as the Court deems just and equitable.

    Respectfully Submitted,

    **THE BUENKER LAW FIRM**

    */s/ Josef F. Buenker*
    Josef F. Buenker
    TBA No. 03316860
    jbuenker@buenkerlaw.com
    2060 North Loop West, Suite 215
    Houston, Texas 77018
    713-868-3388 Telephone
    713-683-9940 Facsimile

    **ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFFS**